UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Malinda James
Plaintiff

Case No 1:12CV1371

vs.

PARAGON REVENUE GROUP
Defendant

Judge_____

## TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.
2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Malinda James, a natural person, who resides in Guilford County, North Carolina.
4. The Defendant in this lawsuit is PARAGON REVENUE GROUP. (Hereinafter "PRG") an unknown entity with offices at 216 LE PHILLIP CT NE, Concord NC 28025

### VENUE

5. The occurrences which give rise to this action occurred in Guilford County, North Carolina and Plaintiff resides in Guilford County, North Carolina.
6. Venue is proper in the Middle District of North Carolina.

### GENERAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of her Experian consumer credit report that Defendant PRG had obtained Plaintiff's Experian consumer credit report on September 30, 2011.

9. Plaintiff sent request for validation of alleged debt via certified mail # 7011 3500 0001 6281 7790, on April 2012. Plaintiff has received no response to request. No proof of alleged debt that would give permissible purpose for PRG to pull plaintiffs credit report has been brought forth.

10. Discovery of violations brought forth herein occurred in January 2012 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

1 Complaint for Violations of the FCRA

11. Plaintiff contends that the illegal actions of Defendants PRG have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT PRG CREDIT INC.

12. Paragraphs 1 through 11 are re-alleged as though fully set forth herein.

13. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

14. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

15. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d).

16. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

17. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

18. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant PRG.

19. On August 8, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

20. Plaintiff sent a notice to PRG of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

21. At no time did Plaintiff give her consent for PRG to acquire her consumer credit report from any credit reporting agency.

22. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

23. At no time has PRG ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty...

WHEREFORE, Plaintiff demands judgment for damages against Defendant, PRG CREDIT INC. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT PRG CREDIT INC.

24. Paragraphs 1 through 23 are re-alleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

26. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

27. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d).

28. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

29. Defendant obtained Plaintiff's Experian consumer credit report on September 30, 2009 with no permissible purpose under the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

30. At no time has PRG ever indicated what justification they may have had for obtaining Plaintiff's credit report.

31. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, PRG, for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: DEC. 9, 2012

*Melinda James*

Respectfully Submitted,

Melinda James
1468 Alamance Church Rd Lot1
Greensboro, NC 27406
MELINDA1JAMES@HOTMAIL.COM

Service to:
LEGAL DEPARTMENT
Attn: CHIEF LEGAL OFFICER
PARAGON REVENUE GROUP
216 LE PHILLIP CT NE,
CONCORD NC 28025

4 Complaint for Violations of the FCRA

Case 1:12-cv-01371-TDS-LPA   Document 2   Filed 12/27/12   Page 4 of 4