IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MELINDA JAMES,                )
                              )
        Plaintiff,            )
                              )
    v.                        )       1:12CV1371
                              )
PARAGON REVENUE GROUP,        )
                              )
        Defendant.            )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed with a pro se Complaint (Docket Entry 2). For the reasons that follow, pauper status will be granted for the limited purpose of entering a recommendation of dismissal for failure to state a claim and for failure to comply with a court order.

BACKGROUND

This case began when Plaintiff (or someone using Plaintiff's name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint purports to state two claims by Plaintiff against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Docket Entry 2 at 1-4.) In reviewing the Complaint and IFP Application pursuant to 28 U.S.C. § 1915(e)(2), the undersigned Magistrate Judge noticed

that they both appear to lack a traditional signature and, instead, appear to feature a mere printed version of Plaintiff's name in the signature block. (See Docket Entry 1 at 3; Docket Entry 2 at 4.) In fact, said "signatures" match the printed version of Plaintiff's name in the caption and first paragraph of the IFP Application, as well as the envelope used to convey the Complaint to the Court. (Compare id., with Docket Entry 1 at 1 and Docket Entry 2-2 at 1.)

Moreover, the undersigned Magistrate Judge determined that the printing on Plaintiff's IFP Application and the envelope used to convey the Complaint, as well as the "signatures" on her Complaint and IFP Application, all bear significant, distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare, e.g., Docket Entry 1 at 1-3, Docket Entry 2 at 4, and Docket Entry 2-2 at 1, with, e.g., Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5; Snipes v. Alamance Cnty. Clerk of Courts, No. 1:11CV1137, Docket Entry 1 at 1, 3, Docket Entry 2 at 17; Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Ferguson v. North Carolina Dep't of Health & Human Servs., No. 1:12CV493, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket

Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3; Golden v. Absolute Collection Servs., No. 1:12CV956, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., No. 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Ferguson v. Absolute Collection Serv., No. 1:12CV1023, Docket Entry 1 at 1, 3, Docket Entry 2 at 9, Docket Entry 2-1 at 1; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Before reviewing this case, the undersigned Magistrate Judge already had noticed and had attempted to hold hearings/status conferences in a number of the foregoing cases, at which time only one of the plaintiffs from the noticed cases appeared; moreover, that plaintiff had denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but had reported that he had talked to someone he knew only as "Mussa" about "credit repair." (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[1]  Given the foregoing circumstances and in light of the signature requirement of Federal

---

[1] The Clerk maintains an audio-recording of all the proceedings from that calendar.

Rule of Civil Procedure 11(a), the Court (per the undersigned Magistrate Judge) noticed a hearing in this case. (Docket Entry 4.) Said Notice expressly warned Plaintiff that a "[f]ailure to appear for proceedings may result in dismissal of this action pursuant to Fed[eral] Rule [of] Civil Procedure 41(b)." (Id. at 1.) Plaintiff did not appear as directed. (See Minute Entry dated June 24, 2013.)[2]

## DISCUSSION

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In this case, Plaintiff disobeyed the Court's directive to appear for a hearing under circumstances warranting dismissal under Federal Rule of Civil Procedure 41(b).

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the

---

[2] Another of the above-referenced plaintiffs noticed for a hearing on the same calendar also failed to appear. (See Snipes, No. 1:11CV1137, Minute Entry dated June 24, 2013.)

-4-

existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal."  Id.  In this case, Plaintiff (or whoever improperly filed this case in her name) bears sole responsibility for the instant non-compliance, the conduct at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this apparent sham lawsuit while memories remained freshest and before the risk of loss of pertinent documents grew), the record reflects a pattern of Plaintiff (or whoever improperly filed this action in her name) failing to make appropriate filings and failing to appear, and no other sanction appears feasible or sufficient.

As to that last point, the Court (per the undersigned Magistrate Judge) specifically warned Plaintiff that her failure to appear could result in dismissal of this case.  "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal.  Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse."  Id.

Additionally, the Court should dismiss this case for failure to state a claim.  "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'"  Nasim v. Warden, Md. House of Corr., 64 F.3d
-5-

951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short under this standard when it does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

In this case, the Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a permissible purpose. (See Docket Entry 2 at 1-3.) The Complaint identifies some of the purposes that would permit someone to obtain the credit report of another and offers largely conclusory assertions that Defendant had no such purpose. (See id. at 1-3.) It, however, lacks any indication that Plaintiff ever contacted Defendant directly to ask why Defendant obtained Plaintiff's credit report. (See id.)[4] Further, the Complaint contains only a bald assertion that

---

[3] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

[4] Notably, Plaintiff's IFP Application acknowledges several debts and other service accounts (see Docket Entry 1 at 3) as to which collection or other activity could occur so as to give rise to permissible grounds to obtain her credit report, see 15 U.S.C. § 1681b(a)(3)(A), (C), (E), and (F).

-7-

Defendant acted wilfully and that Plaintiff suffered actual damages. (See id.) This Court (per United States District Judge Catherine C. Eagles) recently dismissed a complaint under similar circumstances for failure to state a claim. See King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished).[5] The same result should follow in this case.

## CONCLUSION

The Court should dismiss this case because Plaintiff failed to appear for a hearing as ordered and her Complaint fails to state a claim.[6]

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

---

[5] Had Plaintiff appeared at the scheduled hearing, the undersigned Magistrate Judge would have inquired as to whether she possessed any additional factual information that would support an inference that Defendant lacked a permissible purpose in obtaining Plaintiff's credit report, such that the Court should allow her an opportunity to amend her Complaint. By failing to appear as directed, Plaintiff has waived any right to such consideration.

[6] "Unless the dismissal order states otherwise, a dismissal under [Federal Rule of Civil Procedure 41(b)] and any dismissal not under [said] [R]ule – except one for lack of jurisdiction, improper venue, or failure to join a party under [Federal] Rule [of Civil Procedure] 19 – operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The undersigned Magistrate Judge discerns no reason to deviate from the general rule in this instance.

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

                                    /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                         **United States Magistrate Judge**
June 26, 2013

-9-

Case 1:12-cv-01371-TDS-LPA   Document 5   Filed 06/26/13   Page 9 of 9